Freda W. Sandrich v. Commissioner. Estate of Mark R. Sandrich, Freda W. Sandrich, Executrix v. Commissioner.
Freda W. Sandrich v. Commissioner
Docket Nos. 5372, 5373.
United States Tax Court
1946 Tax Ct. Memo LEXIS 226; 5 T.C.M. (CCH) 234; T.C.M. (RIA) 46082; April 1, 1946
*226 Adrian A. Kragen, Esq., 610 Pacific Mutual Bldg., Los Angeles, Calif., for the petitioners. A. J. Hurley, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined, as to each petitioner, a deficiency of $1,828.17 for the year 1941. The petitioners filed returns on the community property basis, each returning a net income of $45,050.02. The respondent added $2,750 to the gross income of the community, which adjustment the petitioners now concede to be correct. The remainder of the deficiencies arose from the disallowance of all or part of the following five items of alleged business expense: 1. The sum of $1,244.64 claimed as travel expense and disallowed in its entirety as being personal expense. 2. A deduction of $726.38 claimed for automobile maintenance and operation, of which respondent disallowed one-half as being personal expense. 3. A deduction of $447.99 for chauffeur expense, of which respondent allowed one-half and disallowed the remainder as personal expense. 4. The sum of $3,361.49 claimed as an expense, labeled "story preparation", of which the respondent disallowed $1,111.49 as personal expense. *227 5. The sum of $1,429.93 claimed as miscellaneous business expenses, of which respondent disallowed $436.44 as personal expense. Petitioners concede that $50 of such item represented personal expense. We will consider the item seriatim. Mark R. Sandrich was a producer-writer-director who was employed during the taxable year by Paramount Pictures. He died since the filing of the petitions in these cases. During July and August 1941, the decedent, his wife, two children, and a nurse took a trip by automobile to Seattle. They originally started for Alaska. At Seattle they chartered a yacht and cruised further north. During the trip the party stopped at various places, viz., San Francisco, Portland, Benbow and at various attractive spots along the coast. The decedent was constantly on the alert for ideas which could be used in making motion pictures. For example, when in San Francisco the cable cars gave him an idea which he subsequently used in the picture "I Love A Soldier". When he mentioned an idea for later use, his wife would sometimes make note of it. Another idea that occurred to the decedent on the trip was incorporated, three years later, in a dance picture by Fred Astaire. *228 While away from home the decedent kept in touch with the studio and his business associates by telephone. It was agreed that the total expense of the trip to the Pacific northwest was $3,233.91, of which petitioners deducted as chargeable to business the sum of $1,244.64, and which was disallowed by the respondent. Hotel receipts aggregating approximately $350 were submitted. On these receipts were long distance telephone charges aggregating $31.74, obviously business expense. No other itemization was attempted. We are satisfied that part of the general expenses incurred on the trip may properly be claimed to be business expenses. The ascertainment of the amount thereof is not free from difficulty. Considering that there were five persons in the party; that the trip was primarily a pleasure trip; and that no precise computation of expenses chargeable to business is possible, we hold that petitioners are entitled to deduct the sum of $450 as business expense and that the remainder was chargeable to personal expense. The second item is automobile expense. The petitioners owned two Cadillac cars. The total expense of operation and maintenance, excluding depreciation about which *229 there is no question raised, amounted to $1,452.76. Petitioners claimed one-half of this total, or $726.38, as business expense. The respondent allowed one-half of this amount and disallowed the other one-half. Although the record is not complete on the subject, the following statement by decedent's business manager sums up the matter: "Question: * * * Generally, Mrs. Sandrich used one of the cars for herself and the other car was used by Mr. Sandrich for business sometimes and for pleasure other times? Answer: That is right." Obviously, the deduction was not allowable for the car used by Mrs. Sandrich. Equally obvious is the conclusion that the decedent was entitled to a business deduction not to exceed one-half the cost of operating and maintaining the other car. The respondent allowed $363.19, or one-half of the cost of maintenance of one car. We approve his action on this item. The third item is chauffeur expense, as to which petitioners charged to business expense $477.99. The respondent allowed one-half of the same and disallowed the remainder. The petitioners had an employee designated as a butler-chauffeur. The decedent used the employee as a chauffeur to take him to and *230 from the studio and occasionally to look for a location. He never used him as a chauffeur in the evening and he never drove for Mrs. Sandrich. Most of his time was spent in connection with his domestic duties in the house. On the meager record as to this item, we are unable to conclude that the respondent erred. We approve his action. The fourth item is one of $3,361.49 claimed as "story preparation" expense. The respondent disallowed $1,111.49 of such item as personal expense. The parties agreed that the total expenses of the Sandrich household, exclusive of depreciation, was $11,111, of which petitioners charged the above amount to business. The record is that the decedent, in the performance of his duties as a producer-writer-director, found it necessary to seek the seclusion of his home to do much of his work. The confusion and constant interruptions at the studio made it impossible to do effective creative work at that place. At his home he held all of his conferences with authors, writers, agents, music writers, etc. He spent a large part of the time devoted to business purposes at his home. In connection with this use, petitioners furnished meals for the people gathered at *231 their home. It was seldom that the decedent was without guests, the number varying from four to seven. Much testimony was produced in support of the general subject of the use of the home for business purposes but no specific testimony as to the costs other than the total figure above. In the absence of such evidence we are unable to determine whether respondent has been generous or unreasonable in his allowance. He has allowed $2,250 on account of such expense. For lack of proof of error, we sustain his action. The final item is $1,429.93 claimed as miscellaneous business expenses, of which the respondent disallowed $436.44 and as to which petitioners concede $50 to be personal expense. The items included in this figure largely cover entertainment of business associates at restaurants and hotels, purchases of flowers and gifts for actresses and members of the casts of pictures on which petitioner was working. The evidence on these items also is deficient and lacks precision. On the record made we are unable to hold that the respondent erred in his determination. Decisions will be entered under Rule 50.